IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE SCALIA, Secretary of Labor,[1] United
States Department of Labor,

    Plaintiff,

v.

DAY-MONT BEHAVIORAL HEALTH CARE,
INC., an Ohio Corporation;

DAY-MONT WEST TAX-DEFERRED ANNUITY
PLAN, an employee benefit plan;

DAY-MONT BEHAVIORAL HEALTH CARE
INC. EMPLOYEE BENEFIT PLAN, an employee
benefit plan;

GAYLE JOHNSON, an individual; and

AKIL SHARIF, an individual;

    Defendants.

Civil Action File No.

3:18-cv-00242-TMR

Hon. Thomas M. Rose

## CONSENT ORDER AND JUDGMENT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants Day-Mont Behavioral Health Care, Inc. ("Day-Mont"), Gayle Johnson ("Johnson"), and Akil Sharif ("Sharif") (collectively "Defendants") alleging breaches of their fiduciary responsibilities under ERISA with respect to the Day-Mont West Tax-Deferred Annuity Plan ("Annuity Plan") and the Day-Mont Behavioral Health Care Inc. Employee Benefit Plan ("Health Plan") (collectively "Plans"). The Plans were joined as parties

---

[1] This action was commenced in the name of R. Alexander Acosta, Secretary of Labor. Mr. Acosta is now the former Secretary of Labor and Eugene Scalia is now the Secretary. Therefore, Mr. Scalia is being automatically substituted for Mr. Acosta as the Petitioner, pursuant to Fed. R. Civ. P. 25(d), and the caption of this action is amended accordingly.

1

pursuant to Rule 19 of the Federal Rules of Civil Procedure, solely to ensure that complete relief may be granted.

Defendants and the Plans have waived service of process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

Plaintiff, Defendants, and the Plans (collectively "Parties") have agreed to resolve all matters in controversy in this action between them (including the imposition by Plaintiff of any penalty pursuant to ERISA § 502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Defendants are jointly and severally liable to the Annuity Plan in the amount of $64,582.49 and to the Health Plan in the amount of $77,084.18.

3. Within 30 days of the entry of the Consent Order and Judgment, Defendants shall pay or cause to be paid a total of $170,000 as follows:[2]

    a. $64,582.49 to the Annuity Plan, by payment of a certified check payable to MG Trust Company F/B/O Day-Mont West Tax-Deferred Annuity Plan, mailed to AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, OH 44505 ("AMI"). These monies shall be credited to any individuals who: (1) were

---

[2] Defendants anticipate that Starr Indemnity and Liability Company ("Starr") will pay the $170,000, set forth in Paragraph 3 of this agreement, on behalf of Defendants in accordance with a separate agreement executed by Defendants and Starr.

2

employees of Day-Mont, (2) were Annuity Plan participants during the period January 13, 2012 through August 5, 2016, and (3) had voluntary employee contributions withheld from their pay for contribution to the Annuity Plan during this period and such contributions were remitted to the Annuity Plan in an untimely manner or not remitted at all. AMI, as the Annuity Plan's court appointed independent fiduciary pursuant to paragraph 5 below, shall allocate these monies to Annuity Plan's participants in an amount equal to unremitted contributions and lost opportunity costs owed to each participant.

b. $77,084.18 to the participants of the Health Plan, by payment of a certified check payable to AMI Benefit Plan Administrators, Inc. F/B/O Day-Mont Behavioral Health Care, Inc. Employee Benefit Plan, mailed to AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, OH 44505. AMI, as the Health Plan's court appointed independent fiduciary pursuant to paragraph 5 below, shall pay these monies to any individuals, except Defendants Johnson and Sharif, who: (1) were employees of Day-Mont, (2) were Health Plan participants during the period February 20, 2015 through July 21, 2016, and either (3) had voluntary employee premium contributions withheld from their pay for contribution to the Health Plan during this period and such contributions were not remitted to the Health Plan, or (4) had unpaid medical claims incurred between February 20, 2015 and July 21, 2016 that should have been paid by the Health Plan, or both (3) and (4). AMI shall pay these monies directly to Health Plan participants in an amount equal to unremitted contributions, other monetary losses, and lost opportunity costs owed to each participant.

c. $28,333.33 as a penalty, which is hereby assessed by the Department against Defendants in an amount equal to 20% of the applicable recovery amount pursuant to ERISA §502(l)(2), 29 U.S.C. §1132(l). The check shall be made payable to the United States Department of Labor and shall reference EBSA Case Nos. 43-009971 and 43-0099723. The payment shall be made as follows:

Standard (Regular U.S. Mail) Remittance Address:

> ERISA Civil Penalty
> P.O. Box 6200-36
> Portland, OR 97228-6200

Express Mail or Commercial Overnight Delivery Address:

> U.S. Bank
> Attn: ERISA Civil Penalty #6200-36
> 17650 NE Sandy Blvd.
> PD-OR-C1GL
> Portland, OR 97230

Defendants agree to waive the notice of assessment and service requirement of 29 C.F.R. 2570.83, and waive all legal rights to appeal, contest, or seek a further reduction of those assessments or payments.

d. Within 10 days of making the payments required by this paragraph, Defendants shall provide proof of the above-required payments to the Regional Director of the Employee Benefits Security Administration ("EBSA"), 1885 Dixie Highway, Suite 210, Fort Wright, Kentucky 41011.

4. AMI is hereby appointed as the independent fiduciary for the Plans. The independent fiduciary shall have the following powers, duties and responsibilities:

    a. The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plans for the benefit of the eligible participants and beneficiaries for the Plans who are entitled to receive such assets,

until such time that the assets of the Plans are distributed to the eligible participants and beneficiaries of the Plans in accordance with this agreement, the Plans' governing documents and ERISA;

b. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plans who is eligible to receive a payment under the terms of this Consent Order and Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

c. The independent fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including that information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets

d. The independent fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder;

e. For the services performed pursuant to this consent judgment, the independent fiduciary shall receive compensation not to exceed $6,610.00 for fees and expenses reasonably and necessarily incurred, up to $4,360.00 payable from the recovery to the Annuity Plan as established in paragraph 3(a) of this Consent Order and Judgment and up to $2,250.00 payable from the recovery to the Health Plan as established in paragraph 3(b) of this Consent Order and Judgment.

f. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112. The costs incurred by the

independent fiduciary in obtaining such bonding is included in the compensation payable to the independent fiduciary, established in paragraph 4(e) of this Consent Order and Judgment;

    g. Within 30 days of the distribution of all of the Plans' assets, the independent fiduciary shall provide the Regional Director of EBSA, 1885 Dixie Highway, Suite 210, Fort Wright, Kentucky 41011, with a report identifying the distributions made by the Plans since the independent fiduciary's appointment.

5. Defendants Johnson and Sharif shall be permanently enjoined from serving or acting as fiduciaries or service providers with respect to any employee benefit plan subject to ERISA.

6. Upon payment of the money due to the Annuity Plan, as listed in paragraph 3(a) of this Consent Order and Judgment, the Agreed Order dated November 13, 2018 (Doc. #26) shall be vacated. Defendants Johnson and Sharif shall no longer be required to maintain balances in their designated IRAs and they shall no longer be required to provide EBSA with quarterly statements of their account balances. EBSA shall provide Voya Retirement Insurance and Annuity Co. a copy of this Consent Order and Judgment.

7. Each party agrees to bear his, her or its own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended. Nothing in this agreement prohibits any Defendant from obtaining payment or reimbursement for his, her, or its own attorneys' fees, costs, and other expenses from a third-party insurance company.

8. The Court directs the entry of this Consent Judgment as a final order.

9. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

10. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED November 20, 2019

Judge Thomas M. Rose
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this consent order and judgment:

Dated: 11/8/2019

_____
**ADAM LUBOW**
Trial Attorney for Plaintiff
U.S. Department of Labor
1240 E. 9th St. Rm. 881
Cleveland, Ohio 44199
(216)522-3876
KATE S. O'SCANNLAIN
Solicitor of Labor
CHRISTINE Z. HERI
Regional Solicitor
BENJAMIN T. CHINNI
Associate Regional Solicitor

_____
**LYNNETTE DINKLER**
Attorney for Defendant
Gayle Johnson
Dinkler Law Office, LLC
5335 Far Hills Ave. Ste. 123
Dayton, OH 45429
(937)426-4200

_____ Nov 7, 2019
**DOUGLAS DENNIS**
Attorney for Defendant
Gayle Johnson
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202

_____
**KEVIN BOWMAN**
Attorney for Defendant
Akil Sharif
Brannon & Associates
130 West Second St.
Dayton, Ohio 45402-1590
(937)228-2306

_____
**BRIAN NALLY**
Attorney for Defendants
Day-Mont BHC, Inc.,
Annuity Plan, and Health Plan
Reminger Co., LPA
101 West Prospect Avenue,
Suite 1400
Cleveland, OH 44115

8